UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELAN PHARMA INTERNATIONAL LTD., and FOURNIER LABORATORIES IRELAND LTD., <br><br> Plaintiffs, <br><br> v. <br><br> IMPAX LABORATORIES, INC., <br><br> Defendant. | Civil Action No. 09-CV-5541 (FSH)(MAS) <br><br><br><br><br><br><br><br> JOINT DISCOVERY PLAN |

1.      For each party, set forth the name of the party, attorney appearing, the firm name, address, e-mail address, telephone number and facsimile number. In addition, the lead counsel on each side should bring a business card which contains his/her e-mail address to the Rule 16 Scheduling Conference.

*For Plaintiff Elan Pharma International Ltd.*:

>William J. Heller (wheller@mccarter.com)
>Jonathan M.H. Short (jshort@mccarter.com)
>McCARTER & ENGLISH, LLP
>Four Gateway Center
>100 Mulberry Street
>Newark, NJ  07102
>Tel:  (973) 622-4444
>Fax: (973) 624-7070
>
>Jack B. Blumenfeld (jblumenfeld@mnat.com)
>Maryellen Noreika (mnoreika@mnat.com)
>James W. Parrett, Jr. (jparrett@mnat.com)
>MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE  19899
>Tel:  (302) 658-9200
>Fax: (302) 658-3989

*For Plaintiff Fournier Laboratories Ireland Ltd.*:

>Gerald Krovatin, Esq. (gkrovatin@krovatin.com)
>KROVATIN KLINGEMAN LLC

      744 Broad Street, Suite 1903
      Newark, NJ  07102
      Tel:  (973) 424-9777
      Fax: (973) 424-9779

      Glenn J. Pfadenhauer (gpfadenhauer@wc.com)
      Kevin Hardy (khardy@wc.com)
      Anne M. Rucker (arucker@wc.com)
      Scott Dasovich (sdasovich@wc.com)
      WILLIAMS & CONNOLLY LLP
      725 Twelfth Street, N.W.
      Washington, DC  20005
      Tel.: (202) 434-5000
      Fax: (202) 434-5029

      Timothy C. Bickham (tbickham@steptoe.com)
      STEPTOE & JOHNSON LLP
      1330 Connecticut Avenue, NW
      Washington, DC 20036-1795
      Tel: (202) 429-5517
      Fax: (202).429-3902

*For Defendant Impax Laboratories, Inc.*:

      Robert J. Fettweis (rfettweis@tresslerllp.com)
      TRESSLER LLP
      744 Broad Street, Suite 1510
      Newark, NJ 07102
      Tel: (973) 848-2900
      Fax: (973) 623-0405

      C. Kyle Musgrove (cmusgrove@kenyon.com)
      Michael M. Shen (mshen@kenyon.com)
      KENYON & KENYON LLP
      1500 K Street NW
      Washington, DC 20005
      Tel: (202) 220-4200
      Fax: (202) 220-4201

2.    (a)  Set forth a brief description of the case, including the causes of action and affirmative defenses asserted.

      This is an action for patent infringement arising out of an Abbreviated New Drug Application, No. 91-548, filed by Impax ("ANDA No. 91-548") seeking approval to market generic 48 mg and 145 mg fenofibrate tablets.  Elan and Fournier allege that Impax infringes U.S. Patent Nos. 5,145,684 (the "'684 Patent"), 7,276,249 (the "'249 Patent"),

2

        and 7,320,802 (the "'802 Patent").  Impax denies these allegations and, through its affirmative defenses and counterclaims, seeks a declaration that the '684, '249, and '802 Patents, as well as U.S. Patent No. 6,375,986 (the "'986 Patent"), are invalid and/or not infringed.

        (b)  Is this a fee-shifting case?

Yes _____  No __X__

If so, set forth legal authority.

3. Has this action been:  Settled <u>No</u>   Discontinued <u>No</u>

    If so, has there been a Stipulation/Dismissal filed?  N/A

    Yes _____  No _____

4. Have settlement discussions taken place?  Yes _____  No <u>X</u>

    If so, when?  N/A

    (a)  What was plaintiff's last demand?  N/A

        (1)  Monetary demand: $_____

        (2)  Non-monetary demand: _____

    (b)  What was defendant's last offer?  N/A

        (1)  Monetary offer: $_____

        (2)  Non-monetary offer: _____

5. Core discovery needed to be able to discuss settlement in a meaningful way:

    For Plaintiffs: None.

    For Defendant:  None.

6. The parties [have __X__  -have not _____] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

7. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).

    None.

3

8.  The parties [have _____ -have not __X__] conducted discovery other than the above disclosures. If so, describe.

9.  The parties [have __X__ -have not _____] met pursuant to Fed. R. Civ. P. 26(f).

    (a)  If not, state the reason therefor.

    (b)  If so, state the date of the meeting and the persons in attendance.

    The parties held a teleconference on March 9, 2010.

    Maryellen Noreika and James W. Parrett, Jr. participated for Elan Pharma International Ltd.

    Anne Rucker participated for Fournier Laboratories Ireland Ltd.

    Kyle Musgrove and Michael Shen participated for Impax Laboratories, Inc.

10. The following [is __X__ -is not _____] a proposed joint discovery plan.

    (a)  Discovery is needed on the following subjects:

    Elan and Fournier anticipate needing discovery on the issues raised by the Complaint and Answer, including at least the following subjects: (a) the development, manufacture, properties, labeling and planned sales, marketing and production of Impax's generic versions of the TRICOR® 48 mg and 145 mg tablets; (b) the preparation, filing, amendment, content and approval status of ANDA No. 91-548; (c) Impax's infringement of the '684, '249, '802, and '986 Patents; (d) Impax's contentions that the '684, '249, '802, and '986 Patents are invalid and/or not infringed; (e) Impax's affirmative defenses; and (f) Impax's counterclaims.

    Impax anticipates needing discovery on at least the following subjects: (a) the research and development of the underlying work concerning the alleged inventions disclosed in the '684, '249, '802, and '986 Patents; (b) conception, reduction to practice, date of invention, and contributions of the named inventors and others who did work that led to the alleged inventions disclosed in the '684, '249, '802, and '986 Patents; (c) the prosecution of the application(s) leading to the '684, '249, '802, and '986 Patents; (d) Plaintiffs' contentions that the '684, '249, '802, and '986 Patents are infringed and/or not invalid; and (e) responsive contentions to Plaintiffs' claims and their responses to Impax's counterclaims.

    The Parties reserve the right to object to the discovery topics sought by each other.

(b) Discovery [should _X_ -should not _____] be conducted in phases or be limited to particular issues. Explain.

    The Parties believe that fact discovery and expert discovery should be conducted in separate phases, as provided in the attached chart below.

(c) Maximum of _25_ interrogatories by each side.

(d) Maximum of _10_ depositions to be taken by each side.

(e) Plaintiff's expert report due on (see attached chart).

(f) Defendant's expert report due on (see attached chart).

(g) Motions to amend or to add parties to be filed by (see attached chart).

(h) Dispositive motions to be served within (see attached chart) days of completion of discovery.

(i) All discovery to be completed by (see attached chart). (If there is a need for a liability expert and it is necessary to defer the completion of expert discovery beyond this deadline, please state the reason why and the proposed date for completion of expert discovery.)

(j) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

    The Parties intend to submit a stipulated protective order to protect confidentiality of sensitive business information and trade secrets to be produced in this litigation.

(k) A pretrial conference may take place on (see attached chart).

The Parties request an Order entering the following deadlines:

| | |
|---|---|
| Deadline to add parties and to amend pleadings | August 31, 2010 |
| Deadline to serve interrogatories and requests for production of documents on factual issues | October 1, 2010 |
| Earliest date for service of contention interrogatories | October 1, 2010 |
| Close of fact discovery | December 31, 2010 |
| Parties file opening *Markman* briefs on claim construction | To be set by the Court |
| Parties file responsive *Markman* briefs on claim construction | To be set by the Court |

5

ME1 9742258v.1

| | |
|---|---|
| Expert reports and expert discovery | To be set by the Court after *Markman* hearing |
| Deadline for dispositive motions | To be set by the Court |
| Pretrial conference | To be set by the Court |

11. Do you anticipate any discovery problem(s)? Yes ____ No  X 

    If so, explain.

12. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions; problems with out-of-state witnesses or documents, etc.)? Yes  X  No _____

    If so, explain.

    > This matter is one in a series of eight litigations filed in this Court involving the same TRICOR® products and the same sets of patents.[1]  In the first four cases that were filed, Local Patent Rule 9.3 did not, or does not, apply (the issue has not been addressed in the fifth and sixth cases against Lupin Limited, et al., because there have not been scheduling conferences in those cases), and in the interest of both uniformity and efficiency, the parties believe that Local Patent Rule 9.3 should not apply to the instant matter as well.

    > The Parties note that this case will involve both party and third-party discovery from European corporations and individuals residing in Europe.  The language barriers between the parties and witnesses will require the use of interpreters and translators.

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise), mediation (pursuant to Local Civil Rule 301.1 or otherwise), appointment of a special master or other special procedure. If not,

---

[1] The other cases are *Abbott Laboratories, et al. v. Teva Pharmaceuticals USA, Inc.* (Civ. No. 08-5869) (dismissed pursuant to joint stipulation); *Elan Pharma International Ltd., et al. v. Teva Pharmaceuticals USA, Inc.* (Civ. No. 08-1085) (dismissed pursuant to joint stipulation); *Abbott Laboratories, et al. v. Biovail Laboratories International SRL, et al.* (Civ. No. 09-0005); *Elan Pharma International Ltd., et al. v. Biovail Laboratories International SRL, et al.* (Civ. No. 08-5412); *Abbott Laboratories, et al. v. Lupin Limited, et al.* (Civ. No. 09-1007); *Elan Pharma International Ltd., et al. v. Lupin Limited, et al.* (Civ. No. 09-1008); and *Abbott Laboratories, et al. v. Impax Laboratories, Inc.* (Civ. No. 09-5517).

6

ME1 9742258v.1

      explain why and state whether any such procedure may be appropriate at a later time (<u>i.e.</u>, after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

      Not at this time.

14.    Is this case appropriate for bifurcation? Yes _____ No  X  

15.    An interim status/settlement conference (with clients in attendance), should be held during the month <u>after expert discovery is completed</u>.

16.    We [do _____ do not  X  ] consent to the trial being conducted by a Magistrate Judge.


<u>s/William J. Heller</u>                           <u>March 19, 2010</u>
William J. Heller, Esq.                         Date
Jonathan M.H. Short, Esq.
MCCARTER & ENGLISH, LLP
*Attorneys for Plaintiff Elan Pharma International Ltd.*


<u>s/Gerald Krovatin</u>                            <u>March 19, 2010</u>
Gerald Krovatin, Esq.                          Date
KROVATIN KLINGEMAN LLC
*Attorney for Plaintiff Fournier Laboratories Ireland Ltd.*


<u>s/Robert J. Fettweis</u>                          <u>March 19, 2010</u>
Robert J. Fettweis, Esq.                        Date
TRESSLER LLP
*Attorney for Defendant*